UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LIONEL BATTISTE | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-08790 |
| ALLSTATE INSURANCE CO. | SECTION: "J" (4) |

### ORDER

On April 25, 2008, the Court granted as unopposed a Motion to Compel Answers to Discovery, and for Costs and Attorney's Fees (R. Doc. 6) filed by the Defendant, Allstate Insurance Co. ("Allstate"). (R. Doc. 7.) In the motion, Allstate sought the award of reasonable attorney's fees associated with the motion. Therefore, the Court ordered Allstate to file a motion to fix attorney's fees into the record.

Thereafter, Allstate filed a **Motion to Fix Attorney's Fees (R. Doc. 8)** and attached an affidavit by Allstate's counsel, Danna E. Schwab ("Schwab"), and invoice for the legal services rendered by Schwab on the motion. In total, Allstate seeks the recovery of $405.00 in attorney's fees. According to the materials submitted by Allstate, Schwab expended 2.70 hours in connection with the motion at a rate of $150.00, for a resulting total of $405.00. The Plaintiff, Thomas Battiste ("Battiste") did not file an opposition.

### I.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**II.   Analysis**

    **A.   Calculating a Reasonable Hourly Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Here, Allstate seeks the recovery of $405.00 in attorney's fees for 2.70 hours of work on the motion to compel, at the hourly rate of $150.00. In support of the hourly rates, Allstate submits the affidavit of its attorney, Schwab.

According to Schwab's affidavit, she graduated from Loyola University School of Law in 1990. (R. Doc. 8-3, Ex. A.) She avers that she has been a member of good standing of the bar and been involved in discovery disputes before the U.S. District Court for the Eastern District of Louisiana throughout her 18 years of practice before the court. (R. Doc. 8-3, Ex. A.) She further

attests that her rate of $150.00 an hour is commensurate with or below rates that are charged in similar cases by other local attorneys with similar experience, skill, and reputation. (R. Doc. 8-3, Ex. A.)

Based on the invoice attached to her affidavit, Schwab indicates that she spent a total of (1) 2.50 hours on the motion to compel, the supporting memorandum, the Local Rule 37.1E certificate, and the notice of hearing and (2) 0.20 hours in e-filing the motion and supporting documents, for a resulting total of 2.70 hours. (R. Doc. 8-4, Ex. B.) The motion reflects that Schwab billed for her work at a rate of $150.00 an hour. (R. Doc. 8-4, Ex.B.)

Other than Schwab's affidavit and attached invoice, Allstate provides no information regarding the rates actually billed and paid in similar lawsuits. Nevertheless, after considering Schwab's approximately 18 years of legal experience and rate of $150.00, the Court finds that her rate is within the range of the prevailing market rates as previously found by this Court and by other courts in this District. *See Creecy v. Metropolitan Property and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Medicine v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience); *see also Lytal Enterprises, Inc. v. Newfield Exploration Co.*, Civ. A. 06-00033, 2006 WL 3366128 at *6-7 (E.D. La. Nov. 17, 2006)(awarding a rate of $175.00 an hour to a senior-level associate, who had graduated from law school seven (7) years ago, for work on a motion to compel); *Tasch, Inc. v. Unified Staffing & Associates, Inc.*, Civ. A. 02-03531, 2003 WL 23109790 (E.D.La.

Dec. 30, 2003) (awarding counsel with five (5) to six (6) years of legal experience fees at a rate of $150.00 an hour). Furthermore, Schwab's rate of $150.00 an hour is uncontested by Battiste. Therefore, the rate sought for Schwab's legal representation for the subject motion is *prima facie* reasonable. *See La. Power and Light*, 50 F.3d at 328. The Court thus concludes that a rate of $150.00 is appropriate for Schwab's work on the motion.

### B.    Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Neither Schwab's affidavit nor the attached invoice for legal services that she provided in conjunction with the subject motion itemizes any hours expended but not billed to the client. It is therefore presumed that Schwab did not exercise billing judgment. However, as indicated by the

above case law, the Court may also conduct a line-by-line analysis of Schwab's billing statement.

According to the billing statement, Schwab spent (1) 2.50 hours preparing the motion to compel and associated documents and (2) 0.20 hours e-filing the motion. (R. Doc. 8-4, Ex. B.) After conducting a line-by-line analysis of Schwab's billing invoice, the Court concludes that the time she reported is excessive in several respects.

First, Allstate's motion to compel was not a motion to test the sufficiency of the Plaintiff's discovery responses. Allstate propounded discovery and Battiste did not answer. The motion was not difficult nor did it involve novel or unique issues of law or fact. Rather, it was simply a standard motion to compel responses that were required under the Rules.

Allstate's motion and supporting memorandum reflect the lack of difficulty of the motion. In the motion and accompanying documents, Allstate cites to no legal authority in support of its position. Furthermore, Allstate conducts no substantive legal analysis, but merely restates the facts. Without the captions, headers, signature lines, and certificates of service, the motion to compel and supporting memorandum would only consist of a combined total of one double-spaced page with three paragraphs. Therefore, considering Schwab's 18 years as an attorney practicing before the U.S. District Court of the Eastern District of Louisiana, and the ease of the motion, the Court finds that 2.70 hours spent in preparing and e-filing the standard motion to is excessive, and therefore reduces Allstate's total request to 1.50 hours. In sum, the Court awards Schwab $225.00 in fees based on her rate of $150.00 multiplied by 1.50 hours for her time spent on the above-mentioned motion and associated parts.

### C. <u>Adjusting the Lodestar</u>

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar

upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.  The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar.  Therefore, the Court awards Allstate a total of $225.00 for 1.50 hours of work performed on the motion by Schwab.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that Allstate's **Motion to Fix Attorney Fees (R. Doc. 10)** is **GRANTED**. The Court finds that a total fee of **$225.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Battiste satisfy his obligation to Allstate no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 16th day of July 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**